Richardson, J.
delivered the opinion of the Court.
McCool was made a defendant, under the following rule of Court (see 72d rule): “When a tenant is sued for land, of. which he is in possession, the real owner may enter himself on the proceeding, as the defendant in the suit, and shall be entitled to make such defence, as if he had been the original defendant in the action.” This rule seems broad enough in favor of the landlord. But in Crosby v. Floyd, 2 Bail. 116, the landlord was held not entitled to the privileges of an original defendant — nor the plaintiff driven to the necessity of showing other evidence than would have entitled him to recover against the original defendant, until the landlord shows paramount title in himself.
In the present case, the landlord McCool proved, prima facie, a paramount title; but Goudelock showed the conveyance of that title to McGowan.
This put McCooPs title out of the question, unless we allow him the privileges of an original defendant, and greater-privileges than those of Massey himself — for Massey could not show a better title in McGowan, and so defeat his own title to Goudelock. But the Sheriff’s title is the same as Massey’s quit claim title — i. e. Massey cannot aver against it, or prove it bad. This is the proper legal position of Massey to Goudelock, and constitutes the foundation law of their case — i. e. excluding the landlord McCook-
The only doubt is one of technical law, to wit — that inasmuch as Goudelock proved the paramount title in McGowan, has he not put his own case out of Court ? at the same time that he defeated McCooPs title, and showed him to have been falsely substituted, under the rule of Court. Then I ask, is the legal position of Goudelock and Massey altered by this technical rule just noticed 1
Goudelock was driven, by the introduction of McCool into the action, to defeat his title, by showing it transferred to McGowan, and McCool’s title merely pretended. It would *189 be allowing influence to the technical rule beyond its reason or object, to say that after McCool’s mere pretence of title has been entirely defeated, that the cause of such defeat — i. e. the resort to McGowan’s title being forced upon Goudelock, shall enure to the advantage of Massey, when his title belongs to Goudelock. It is clear that McGowan’s title cannot enure to the advantage of McCool; because, by the terms of the rule, none but the real owner can enter himself on the record and defend the case. And if McGowan’s title can enure to Massey, you encourage a conspiracy against Goudelock by Massey, and any pretended landlord. The motion is dismissed.
O’Neall, J. Evans, J. and Withers, J. concurred.
Wardlaw, J.
In this case, there was no evidence that Massey was McCool’s tenant: and upon this ground only I conceive the case may be decided. Upon a proper occasion I will consider the extent of the rights which a landlord may have who comes in properly to defend under the rule of Court. The sale by a Sheriff, under execution against the tenant, and the estoppel thence arising, create in such a case a difficulty, which is not met in other cases, where a landlord comes in to defend a tenant who has been sued. But I hardly suppose that in any case it would be held that where a lease and the expiration of the term have been clearly shown, a purchaser, under execution against the tenant, should be allowed, although the landlord came in to defend, to turn the landlord out of possession, and so drive him to an action of trespass to try titles against such purchaser, perhaps an insolvent person. In such action by the landlord against the purchaser, proof that the latter entered under the tenant, whether by purchase from a Sheriff or otherwise, would estop the purchaser from denying the landlord’s title — otherwise it would be very dangerous for any one to demise land if there was any flaw in his title to it. The same proof ought to-suffice for the landlord, to prevent the purchaser recovering in the action against the tenant, after the landloid has been admitted to come in to prevent circuity of action, and has shown, that by expiration of the term, his tenant, and all claiming under the tenant, have been deprived of the right to possession. Such proof ought to be 'clear, independent of any admissions of the tenant subsequent to the lien of the judgment under which the purchaser holds — but danger of collusion should no more affect the rights of the landlord after the truth be shown, than danger of fraudulent convey-ánces would affect the rights of one who bona fide received from a debtor a conveyance of the debtor’s land, upon judgment rendered.